# Johnson *v.* Montgomery Furniture Co. *et al.*

*Action on Detinue Bond.*

1. *Action on detinue bond; effect of proceedings on dismissal of original suit; res adjudicata.*—In an action upon a detinue bond, given as preliminary to obtaining a writ of seizure, and conditioned to pay such damages as defendant may sustain by the wrongful complaint, where it is shown that the plaintiff in the detinue suit, after having acquired possession of the property under a replevy bond, dismissed said suit, the facts that thereupon, in accordance with the statute ap-

[Johnson v. Montgomery Furniture Co. *et al.*]

proved February 28, 1887, (Acts of 1886–87, p. 131; Code of 1896, §
1482), the court impannelled a jury to assess the alternate value of
the property sued for, and also the value of the hire and use thereof,
and that the plaintiff in said suit turned over the property and paid
the assessed value for its hire and use, constitutes no defense; and
such proceedings and judgment in the detinue suit can not be pleaded
as *res adjudicata* to the maintenance of the action on the preliminary
detinue bond.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN R. TYSON.
This was an action brought by the appellant against
the appellees, the Montgomery Furniture Company, and
the sureties on a detinue bond, to recover damages for
the breach of said bond. The facts of the case are suf-
ficiently stated in the opinion.
Upon the introduction of all the evidence, the court
refused to give the several charges requested by the
plaintiff, and gave the general affirmative charge at the
request of the defendant. The plaintiff separately ex-
cepted to the refusal of the court to give the charges re-
quested by him, and also excepted to the court's giving
the general affirmative charge requested by the defend-
ants.
There were verdict and judgment for the defendants.
The plaintiff appeals, and assigns as error the ruling of
the court in refusing the charges requested by the
plaintiff, and giving the charge asked by the defendants.

G. F. MERTINS and P. C. MASSIE, for appellant.

JOHN W. A. SANFORD, JR., *contra.*—Having elected to
pursue the statutory remedy and obtain and receive
damages thereunder, as disclosed in the record, the ap-
pellant here could not maintain another action to re-
cover further damages growing out of the same transac-
tion or wrong. And it matters not if he could not by
judgment under the statute, have obtained satisfaction
for all the damages sustained by him. He could elect,
but can not pursue both remedies.—*O'Neal v. Brown*, 21
Ala. 482; *Wood v. Coman*, 56 Ala. 283; *Ernst Bros. v.
Hogue*, 86 Ala. 502; 6 Amer. & Eng. Encyc. of Law,
250.

HARALSON, J.—Suit on a detinue bond. The

42

Montgomery Furniture Company, on the 5th April, 1895, commenced an action in detinue against the ap-appellant, C. A. Johnson, before a justice of the peace, for the recovery of chattels in specie, and executed the bond sued on, payable to the plaintiff—the appellant here—with the other appellees as sureties thereon, conditioned as the statute in such cases provides, "that if the plaintiff fail in the suit, he will pay the defendant all such costs and damages as he may sustain by the wrongful complaint."—Code of 1886, § 2717. The defendant, Johnson, neglected for five days after the seizure of the property by the constable, to replevy the property, as authorized by section 2718 of the Code. Thereupon the plaintiff, the Montgomery Furniture Company, executed bond, as required by that section, and the property was delivered to it by the constable.

The plaintiff in the detinue suit before the justice of the peace, recovered a judgment, on the 11th April, 1895, against the defendant therein, the said C. A. Johnson, for the property sued for and costs of suit. From this judgment the defendant, Johnson, appellant here. on the 12th April, 1895, appealed to the city court of Montgomery.

At the April term, 1896, of said city court, as the judgment entry recites, the parties came by their attorneys, and on motion of plaintiff, the Montgomery Furniture Company, the suit was dismissed. The judgment entry recites further, "and it appearing to the court that the property sued for in this case is in the possession of the plaintiff, a jury was forthwith empannelled to assess the alternate value of said property and also the value of the hire or use thereof." The jury so empannelled assessed the items of property separately, the values aggregating the sum of $59. They also assessed the rental value of the same, at $35 for eleven months. Judgment was rendered accordingly for the property sued for, or at its alternate value as assessed, and for $35, "the rental value of the property as assessed by the jury."

The present suit is on the bond given by the appellees, in said detinue suit before the justice of the peace—the necessary preliminary bond for a writ of seizure, first referred to in said section 2717 of the Code, the condition of which is set out above. It was commenced in the justice's court by appellant, Johnson, against the

appellees, as obligors thereon, and on the final hearing was decided by the justice in favor of defendants with judgment against the plaintiff for costs.   The complaint claimed breaches of the condition of the bond, in that the plaintiffs failed in their said detinue suit, and failed to pay the plaintiff in this suit the damages and costs he sustained in the wrongful complaint in said detinue suit; that plaintiff so abused, misused, damaged and destroyed the property of plaintiff, that it was of but little value to plaintiff, to his damage in the sum of $50, and for reasonable attorney's fees for defending said detinue suit.

An appeal was taken by the plaintiff,—C. A. Johnson,—in the last named suit, to the circuit court of Montgomery county.   In that court the defendants pleaded a special plea of *res adjudicata*, in this, "that during the February term, 1896, of the city court of Montgomery, in a suit by the Montgomery Furniture Company v. C. A. Johnson, a suit of which said court had jurisdiction, the plaintiff failed to prosecute said suit, which was an action in detinue, and the same suit in which the bond here sued on is alleged to have been executed; that upon the dismissal of plaintiff's said suit, C. A. Johnson, defendant in said suit, and plaintiff in above entitled cause, had a jury empannelled, to ascertain and award him damages for the wrongful bringing of said detinue suit, and upon a hearing of said cause before said jury, said jury rendered a verdict for said C. A. Johnson for the sum of thirty-five dollars damages, which said sum together with the costs in that behalf have been paid in full by the said Montgomery Furniture Company.   Wherefore the defendants in this cause allege that the plaintiff, having elected to pursue the statutory remedy, can not, also, prosecute this suit on the bond alleged to have been executed in said cause."

The defendant also interposed a plea of *non est factum*. The plaintiff filed a special replication to this plea, but no issue seems to have been taken on it; and the record shows affirmatively, that issue was taken alone on defendants'. pleas, and trial was had thereon.

The legislature by act of February 28th, 1887, (Acts 1886-87, p. 131; Code of 1886, p. 603, note; Code of 1896, § 1482), provided "That in all actions for the recovery of specific property, in any of the courts of this

[*Johnson* v. *Montgomery Furniture Co. et al.*]

State, when the property sued for is in the possession of the plaintiff, at the termination of the cause, and said cause is dismissed on motion of either party, or on plea in abatement, it shall be the duty of the court trying the same, forthwith to impannel a jury to assess the alternate value of the property, and also the value of the hire or use thereof; and it shall be the duty of the court trying the same, to render judgment against the plaintiff and in favor of the defendant, for such property, or its alternate value, with damages for the use or hire thereof, assessed by the jury." This proceeding is required without reference to any bond that may have been executed in the detinue proceeding, and without impairing any remedy or recovery of damages thereon.

This was precisely the condition of the case as it terminated in the city court. The plaintiff in the detinue suit there dismissed the suit. Thereupon the court impannelled a jury as it was required by said act to do, "to assess the alternate value of said property, and also the value of the hire or use thereof." The jury returned their verdict, after trial: "We, the jury, find the value of the furniture, to-wit, one desk $25; one chair $4; 20 tables at $1.50, $30, $59. We also assess the rental for same at $35, for eleven months;" and judgment was rendered for the property sued for or its alternate value, and for the rental value of the same as assessed by the jury.

This proceeding, as required by said act of 1887, had reference, as we have said, alone to an ascertainment of the alternate value of the property and also the value of the hire or use thereof, and not to any costs and damages the defendant may have sustained by the wrongful complaint in the detinue suit, covered by the bond given for the institution of said suit, and which is here sued on. It was shown that the property, after this judgment, was delivered to the plaintiff in this suit; that the damages—$35—for the use or hire thereof was paid to plaintiff, and that the costs of said suit were paid. This satisfied this particular judgment of the city court, for the property itself or its alternate value, and for the use thereof during the detention. Beyond this, the evidence tended to show, that the defendant in the detinue suit, plaintiff in this action, sustained damages in the way of an attorney's fee for defending said

[Wadsworth v. Dunnam.]

suit, and for the damage and destruction of the property while in defendant's possession. The damages as thus claimed were not ascertainable or recoverable by the city court in its proceeding under said act of 1887. If recoverable at all, it was under the bond here sued on, providing for them. Evidence was introduced tending to show these damages and their amount. It was error, therefore, for the court to charge the jury, as it in effect did, in the general charge for defendant, that the plea of *res adjudicata*, as pleaded, had been sustained. It is true, the defendant in that suit and the plaintiff in this one, did not demur to said plea, but took issue thereon, but it is also true, as the record evidence shows, that he did not, as is averred in the complaint, have a jury impannelled to ascertain and award him damages for the wrongful bringing of said detinue suit, and thereby elected to pursue a statutory remedy which precludes him from the prosecution of this action, as is also averred in the complaint in this cause. The *court*, as has been shown, impannelled that jury, as it was by law required to do, and its only purpose was to inquire and ascertain the alternate value of the property seized, and in the possession of the plaintiff in that cause, and the hire or use thereof.

Nor was the defendant, on the plea of *non est factum*,— the only other plea filed by defendant,—entitled to the general charge. There was evidence tending to sustain that plea, and there was evidence, also, on the part of plaintiff tending to disprove it. Whether the plea was sustained, therefore, or not, was a question for the jury, under proper instructions by the court.

Reversed and remanded.